UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
WACO DIVISION

FILED

SEP 0 4 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

------------------------------------------------------------X

)
SHERMAN CLINTON STEARNS and        )
DORTHA MONYENE STEARNS,            )
                                   )
                    Plaintiffs,    )
                                   )
          -against-                )
                                   )        Civil Action No.
                                   )
                                   )        WO3 CA275
DOW CHEMICAL COMPANY; MONSANTO     )
COMPANY; HERCULES INC.; OCCIDENTAL )
CHEMICAL CORPORATION, Individually and f/k/a )
and/or as successor to DIAMOND SHAMROCK )
CHEMICALS COMPANY and/or DIAMOND ALKALI )
COMPANY and/or OCCIDENTAL          )
ELECTROCHEMICALS CORPORATION;      )
THOMPSON-HAYWARD CHEMICAL COMPANY; )
ELEMENTIS CHEMICALS, INC. Individually )
and f/k/a and/or as successor to   )
THOMPSON-HAYWARD CHEMICAL COMPANY )
and/or HARCROS CHEMICALS, INC.; HARCROS )
CHEMICALS, INC., Individually and f/k/a and/or as )
successor to THOMPSON HAYWARD CHEMICAL )
COMPANY; T.H. AGRICULTURE AND NUTRITION, )
L.L.C., Individually and f/k/a and/or as successor to )
T.H. AGRICULTURE AND NUTRITION COMPANY, )
INC. and/or T.H. AGRICULTURE AND NUTRITION, )
CO., INC.; MAXUS ENERGY CORPORATION, )
Individually and f/k/a and/or as successor to DIAMOND )
SHAMROCK CORPORATION and/or ULTRAMAR )
DIAMOND SHAMROCK CORPORATION and/or )
DIAMOND SHAMROCK CHEMICALS COMPANY )
and/or DIAMOND ALKALI COMPANY and/or )
OCCIDENTAL ELECTROCHEMICALS           )
CORPORATION; EL PASO GAS TRANSMISSION )
COMPANY f/k/a and/or as successor to DIAMOND )
SHAMROCK CORPORATION and/or ULTRAMAR )
DIAMOND SHAMROCK CORPORATION and/or )
DIAMOND SHAMROCK CHEMICALS COMPANY )
and/or DIAMOND ALKALI COMPANY and/or )
OCCIDENTAL ELECTROCHEMICALS COMPANY; )
VALERO ENERGY CORPORATION f/k/a and/or )

as successor to DIAMOND SHAMROCK )
CORPORATION and/or ULTRAMAR DIAMOND )
SHAMROCK CORPORATION and/or DIAMOND )
SHAMROCK CHEMICALS COMPANY and/or )
DIAMOND ALKALI COMPANY and/or )
OCCIDENTAL ELECTROCHEMICALS )
CORPORATION; UNIROYAL CHEMICAL )
COMPANY, INC. f/k/a and/or successor )
to UNIROYAL, INC. and/or U.S. RUBBER )
COMPANY; )
)
)
                         Defendants. )
)

--------------------------------------------------------------------X

## NOTICE OF REMOVAL

COME NOW defendants Dow Chemical Company, Monsanto Company, Hercules, Inc., Occidental Chemical Corporation, Thompson-Hayward Chemical Company, Elementis Chemicals, Inc., Harcros Chemicals, Inc., T.H. Agriculture and Nutrition, L.L.C., Maxus Energy Corporation, El Paso Gas Transmission Company, Valero Energy Corporation, and Uniroyal Chemical Company, Inc. (collectively, the "Defendants") and file their Notice of Removal of this action pursuant to 28 U.S.C. § 1446 from the 170th Judicial District Court of McLennan County, Texas, wherein it is now pending, to the United States District Court for the Western District of Texas, Waco Division, and would respectfully show this Court as follows:

### I.

On June 30, 2003, Sherman Clinton Stearns and his wife, Dortha Monyene Stearns (collectively, the "Plaintiffs"), filed a Citation, Original Petition, Request for Rule 194 Disclosure, and Return in the 170th Judicial District Court of McLennan County, Texas, styled Sherman Clinton Stearns, et al., v. Dow Chemical Company, et al., and captioned Cause No. 2003-2357-4. The Original Petition states that Plaintiff Sherman Clinton Stearns seeks unquantified damages for personal injuries allegedly sustained due to exposure to a variety of

2

herbicides, including Agent Orange, manufactured and sold by certain Defendants to the United States government for use in Vietnam. *Id.* at §§ IV-VI, Exhibit A hereto. In addition, Plaintiff Dortha Monyene Stearns seeks unquantified damages for personal injuries related to the injuries allegedly sustained by Mr. Stearns. *See id.*

## II.

This is a civil action over which this Court has jurisdiction under the provisions of 28 U.S.C. § 1331. This action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441, 1442, and 1446. Venue for purposes of removal is proper in this district court because this district and division embrace the place where the removed action has been pending. 28 U.S.C. § 1441(a).

## III.

The United States military used Agent Orange in Vietnam between 1965 and early 1970 to defoliate jungle vegetation and deny enemy forces concealment. Defendant manufacturers of Agent Orange were compelled under the Defense Production Act, 50 U.S.C. App. § 2061 *et seq.*, to supply Agent Orange conforming to military specifications for use by the United States military in Vietnam. The use of Agent Orange in Vietnam "saved many, perhaps thousands, of lives" of United States and allied troops. *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 187, 193 (2d Cir. 1987) (granting summary judgment to defendant Agent Orange manufacturers based on the government contract defense), *cert. denied sub nom. Lombardi v. Dow Chem. Co.*, 487 U.S. 1234 (1988).

## IV.

In the late 1970's and early 1980's, over 500 actions were filed in state and federal courts across the United States alleging injury due to exposure to Agent Orange. Without exception, all such actions were transferred by the Judicial Panel on Multidistrict Litigation ("MDL") to the

3

United States District Court for the Eastern District of New York for consolidated or coordinated pretrial proceedings as part of MDL-381. Since that time, a relatively small number of Agent Orange cases have continued to be filed. These subsequent cases have also, without exception, been transferred to MDL-381. At present, more than 550 Agent Orange actions filed in the state and federal courts have been transferred to MDL-381, and the MDL Panel has clearly indicated that transfer remains proper notwithstanding the number of new cases filed or variations in circumstances of individual cases. An extensive evidentiary record relating to Agent Orange litigation has been developed in MDL-381, and Defendants rely on that evidentiary record in support of the removal of the present action.

## V.

Judge Jack B. Weinstein certified the Agent Orange claims of United States Vietnam veterans and their family members in MDL-381 as a national class action. That class action was settled on May 7, 1984, and the settlement was affirmed on appeal. *See In re Agent Orange Prod. Liab. Litig.*, 597 F. Supp. 740 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987), *cert. denied sub nom. Pinkney v. Dow Chem. Co.*, 484 U.S. 1004 (1988). The Agent Orange claims of both veteran plaintiffs who opted out of the class action before the opt-out deadline of May 1, 1984, and of civilians who were not members of the class, have since been dismissed on the merits on various independent grounds. *See, e.g., In re Agent Orange Prod. Liab. Litig.*, 611 F. Supp. 1223 (E.D.N.Y. 1985) (opt-out veteran plaintiffs), *aff'd*, 818 F.2d 187 (2d Cir. 1987), *cert. denied sub nom. Lombardi v. Dow Chem. Co.*, 487 U.S. 1234 (1988); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417-18 (5th Cir. 2001) (civilian plaintiffs).

## VI.

Removal is appropriate under 28 U.S.C. § 1442(a)(1) for suits against federal officers and persons "acting under" them for their acts "under the color of such office." Defendants are being sued for actions taken under federal direction and control, as evidenced by:

> [T]he government's detailed specifications concerning the make-up, packaging, and delivery of Agent Orange, the compulsion to provide the product to the government's specifications, and the on-going supervision the government exercised over the formulation, packaging, and delivery of Agent Orange.

*Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 400 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999) (finding federal removal jurisdiction under § 1442 over state court suit against Agent Orange manufacturers); *Miller*, 275 F.3d at 417-18 (same). Federal officers, both military and civilian, acting in the course of their official duties and under color of their office, compelled Defendants under threat of criminal sanctions to supply Agent Orange conforming to military specifications for use by the United States military in Vietnam. *Winters*, 149 F.3d at 398. Federal officers issued mandatory directives and "rated" contracts to Defendants pursuant to their war emergency and statutory powers under the Defense Production Act, 50 U.S.C. App. § 2061 *et seq.*, the "public official" exemption in the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. §§ 135-135k (1982) (current version at 7 U.S.C. §§ 136-136y), and other federal statutes and regulations. Federal officers expressly prohibited Defendants from placing any warnings on drums of Agent Orange in the government contract specifications. *Winters*, 149 F.3d at 399. Defendants assert federal defenses sufficient for removal jurisdiction under § 1442, including immunity under the Defense Production Act and the government contractor defense. *See id.* at 400-01.

## VII.

The Supreme Court has held that § 1442 should be broadly construed, in favor of removal to federal court. *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). Moreover, if any claim against any defendant or third-party defendant is properly removable under § 1442, the entire case is removed to federal court. *See Buchner v. Federal Deposit Ins. Corp.*, 981 F.2d 816, 817 (5th Cir. 1993); *Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir. 1985), *cert. denied*, 474 U.S. 827 (1987); *Falls Riverway Realty, Inc. v. Niagara Falls*, 754 F.2d 49, 52 (2d Cir. 1985). Accordingly, there is federal removal jurisdiction over this action under § 1442.

## VIII.

There is original jurisdiction over this action under 28 U.S.C. § 1331 because "[Plaintiffs'] right to relief necessarily depends on resolution of a substantial question of federal law." *Christianson v. Colt Indus.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). The federal law of military procurement displaces state tort law and is a necessary element in Plaintiffs' claims. *See Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). There is original jurisdiction over this action under the doctrine of complete federal preemption. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *see also Arkansas-Platte & Gulf P'ship v. Van Waters & Rogers, Inc.*, 959 F.2d 158 (10th Cir.), *remanded*, 506 U.S. 910 (1992), *on remand*, 981 F.2d 1177 (10th Cir. 1993) (state tort actions based on labeling and alleged failure to warn are preempted by FIFRA). Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## IX.

Notwithstanding the Supreme Court's decision in *Dow Chemical Co. v. Stephenson*, 123 S.Ct. 2161 (2003), Defendants continue to contend that Plaintiffs are members of the class certified by Judge Weinstein in MDL-381 and are therefore bound by the class action dismissal.

The MDL-381 court retained jurisdiction over the class to effectuate the settlement and enjoined members of the class, including Plaintiffs herein, from instituting new actions against Defendants. Defendants will take steps to ensure that the instant action is promptly transferred to Judge Weinstein pursuant to MDL procedures.

## X.

Defendants would also remove based on the All Writs Act, 28 U.S.C. § 1651(a), and on the grounds of Judge Weinstein's continuing jurisdiction over the class certified in MDL-381. Defendants are aware of the Supreme Court's decision in *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002), and do not now assert a basis for removal that is contrary to that opinion. Rather, Defendants reserve their respective rights to rely on such grounds in the event of a judicial or legislative change in the law.

## XI.

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because the earliest date of purported service on any of the Defendants was August 13, 2003. The court to which this action should be removed is the United States District Court for the Western District of Texas, Waco Division, which embraces the district and division where the removed action has been pending. 28 U.S.C. § 1441(a). Written notice of the filing of this Notice of Removal will be promptly served on all adverse parties, and a copy of the Notice will be filed with the Clerk of the District Court of McLennan County, Texas. Plaintiffs' Citation, Original Petition, Request for Rule 194 Disclosure, and Return constitute all pleadings, process, orders, and other filings purportedly served upon certain Defendants in the state action and are annexed as Exhibit "A" hereto, as required by 28 U.S.C. § 1446(a).

## XII.

Not all Defendants have been "properly joined and served" in this action. 28 U.S.C. § 1441(b). Defendants reserve and explicitly do not waive their rights to challenge personal jurisdiction and service. While some of the Defendants did supply Agent Orange to the Government for use in Vietnam, at least five of the named Defendants – Elementis Chemicals, Inc., Harcros Chemicals, Inc., Maxus Energy Corporation, Valero Energy Corporation, and El Paso Gas Transmission Company – had no involvement whatsoever with Agent Orange. Plaintiffs have named at least these five Defendants erroneously and have no colorable claims against them. Because these Defendants are misnamed nominal parties to this action, their consent to removal is not required. *See, e.g., Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991); *Johns v. Texas Workforce Comm'n, et al.*, 114 F.Supp.2d 590, 592 (S.D. Tex. 2000). To the extent that their consent is required, Elementis Chemicals, Inc., Harcros Chemicals, Inc., Maxus Energy Corporation, Valero Energy Corporation, and El Paso Gas Transmission Company agree to the removal of this action.

## XIII.

Defendants have authorized the firm of Ellis, Carstarphen, Dougherty & Goldenthal P.C. to represent them solely for the purpose of removing this action to this Court.

WHEREFORE Defendants respectfully request that this action proceed in this Court as properly removed thereto.

Dated: Houston, Texas
    September 4, 2003

8

Respectfully submitted,

Edward M. Carstarphen
State Bar No. 03906700
David B. Mantor
State Bar No. 12957533
ELLIS, CARSTARPHEN,
DOUGHERTY & GOLDENTHAL P.C.
720 N. Post Oak, Ste. 330
Houston, Texas 77024
Telephone: (713) 647-6800
Fax: (713) 647-6884

*Attorney for Defendants Dow Chemical Company,
Monsanto Company, Hercules, Inc., Occidental
Chemical Corporation, Thompson-Hayward
Chemical Company, Elementis Chemicals, Inc.,
Harcros Chemicals, Inc., T.H. Agriculture and
Nutrition, L.L.C., Maxus Energy Corporation, El
Paso Gas Transmission Company, Valero Energy
Corporation, and Uniroyal Chemical Company, Inc.*

Of counsel:

Steven Brock
RIVKIN RADLER LLP
EAB Plaza
Uniondale, New York 11556
Telephone: (516) 357-3000
*Attorney for Defendant Dow Chemical Company*

John C. Sabetta
SEYFARTH SHAW
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 218-5500

        -and-

James E. Tyrrell, Jr.
LATHAM & WATKINS LLP
One Newark Center
Newark, New Jersey 07101-3174
Telephone: (973) 639-1234
*Attorneys for Defendant Monsanto Company*

9

Michael M. Gordon
CADWALADER, WICKERSHAM & TAFT LLP
100 Maiden Lane
New York, New York 10038
Telephone: (212) 504-6000
*Attorney for Defendants Occidental Chemical Corporation and Maxus Energy Corporation*

William A. Krohley, Esq.
KELLEY DRYE & WARREN
101 Park Avenue, 32nd Floor
New York, New York 10178
Telephone: (212) 808-7747
*Attorney for Defendant Hercules, Inc.*

Lawrence T. D'Aloise, Jr.
CLARK, GAGLIARDI & MILLER
The Inns of Court
99 Court Street
White Plains, New York 10601
Telephone: (914) 946-8900
Fax: (914) 720-2295
*Attorney for Defendants Thompson-Hayward Chemical Company, Elementis Chemicals, Inc.,*
*Harcros Chemicals, Inc., and T.H. Agriculture and Nutrition, L.L.C.*

Myron Kalish, Esq.
50 E. 79th Street
New York, NY 10021
Telephone/Fax: (212) 737-8142
*Attorney for Defendant Uniroyal Chemical Company, Inc.*

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2003, a copy of the foregoing was sent by United States certified mail/return receipt requested and/or regular United States mail to all known counsel of record.

David E. Cherry
Campbell, Cherry, Harrison
Davis, Dove
P.O. Drawer 21387
Waco, Texas 76702-1387
5 Ritchie Road
Waco, Texas 76712

Alan S. Levin
P.O. Box 4703
Incline Village, NV 89450

David B. Mantor



**JOE DISTRICT CLERK JOHNSON**

McLennan County Courthouse    P.O. Box 2451
Waco, Texas 76703              817-757-505

FILED

2003 JUN 30 PM 2:46

JOE JOHNSON
DISTRICT CLERK
McLENNAN CO. TEXAS
DEPUTY

## NEW SUITS

CAUSE NUMBER: 2003-2357-4    FILE DATE: June 30, 2003

PLAINTIFF: Sherman Clinton Stearns and Dortha Monyene Stearns

DEFENDANT: The Dow Chemical Company, Monsanto Company, et al

ATTORNEY FOR PLAINTIFF: David E. Cherry, Campbell Cherry Harrison Davis + Dove

FEES PAID BY: CHECK __X__ CASH _____ DEBIT _____ OATH _____ NO PAY _____

**ISSUANCE:**

CITATION _____          WAIVER _____

TRO _____               NOTICE _____

NO SERVICE __XX__                   OTHER _____

**SERVICE:**

DELIVER TO SHERIFF _____

DELIVER TO CONSTABLE _____

DELIVER TO ATTORNEY _____

DELIVER TO PRIVATE PROCESS SERVER _____

**NEW SUIT RECEIVED BY MAIL:**

SERVICE INSTRUCTIONS INCLUDED:    YES _____ NO _____

COMMENTS: _____

_____

_____

_____

DATE: _____          BY _____

FILED BY _____        Campbell Cherry, Harrison
                DEPUTY             Davis + Dove PC        FIRM
                                   PO Drawer 21387
                                   Waco Tx 76702-1387

CAUSE NO. 2003-23574

FILED

2003 JUN 30 PM 2:46

JOE JOHNSON
DISTRICT CLERK
McLENNAN CO. TEXAS

BY _____

SHERMAN CLINTON STEARNS, and
DORTHA MONYENE STEARNS,

　　　　PLAINTIFFS,

VS.

THE DOW CHEMICAL COMPANY;
MONSANTO COMPANY, HERCULES
INCORPORATED; OCCIDENTAL
CHEMICAL CORPORATION, Individually
and f/k/a and/or as successor to DIAMOND
SHAMROCK CHEMICALS COMPANY
and/or DIAMOND ALKALI COMPANY
and/or OCCIDENTAL
ELECTROCHEMICALS CORPORATION;
THOMPSON-HAYWARD CHEMICAL
COMPANY; ELEMENTIS
CHEMICALS, INC., Individually and f/k/a
and/or as successor to THOMPSON
HAYWARD CHEMICAL COMPANY
and/or HARCROS CHEMICALS, INC.;
HARCROS CHEMICALS, INC.
Individually and f/k/a and/or as successor to
THOMPSON HAYWARD CHEMICAL
COMPANY; T.H. AGRICULTURE AND
NUTRITION, L.L.C., Individually and
f/k/a and/or as successor to T.H.
AGRICULTURE AND NUTRITION
COMPANY, INC. and/or T.H.
AGRICULTURE AND NUTRITION CO.,
INC.; MAXUS ENERGY CORPORATION,
Individually and f/k/a and/or as successor to
DIAMOND SHAMROCK CORPORATION
and/or ULTRAMAR DIAMOND SHAMROCK
CORPORATION and/or DIAMOND
SHAMROCK CHEMICALS COMPANY
and/or DIAMOND ALKALI COMPANY
and /or OCCIDENTAL
ELECTROCHEMICALS CORPORATION;
EL PASO GAS TRANSMISSION
COMPANY f/k/a and/or as successor to
DIAMOND SHAMROCK CORPORATION

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

OF McLENNAN COUNTY, TEXAS

170th JUDICIAL DISTRICT

PAGE 1

PLAINTIFFS' ORIGINAL PETITION

and/or ULTRAMAR DIAMOND §
SHAMROCK CORPORATION and/or §
DIAMOND SHAMROCK CHEMICALS §
COMPANY and/or DIAMOND ALKALI §
COMPANY and/or OCCIDENTAL §
ELECTROCHEMICALS CORPORATION; §
VALERO ENERGY CORPORATION f/k/a §
and/or as successor to DIAMOND §
SHAMROCK CORPORATION and/or §
ULTRAMAR DIAMOND SHAMROCK §
CORPORATION and/or DIAMOND §
SHAMROCK CHEMICALS COMPANY and §
/or DIAMOND ALKALI COMPANY and/or §
OCCIDENTAL ELECTROCHEMICALS §
CORPORATION; UNIROYAL CHEMICAL §
COMPANY, INC. f/k/a and/or successor §
to UNIROYAL, INC. and/or U.S. RUBBER §
COMPANY; §
§
DEFENDANTS. §

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs, Sherman Clinton Stearns and wife, Dortha Monyene Stearns, by and through their attorneys, and for their complaint against the Defendants, jointly and severally, do hereby state and allege the following:

### I.

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.4.

### II.

### PARTIES

2.  The Plaintiffs are, and have been at all times, relevant to this cause of action, husband and wife, and residents of McLennan County, Texas.

PAGE 2

PLAINTIFFS' ORIGINAL PETITION

3.      Defendant, THE DOW CHEMICAL COMPANY, is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

4.      Defendant, MONSANTO COMPANY, is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

5.      Defendant, HERCULES, INCORPORATED, is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

6.      Defendant, OCCIDENTAL CHEMICAL CORPORATION, Individually and f/k/a and/or as successor to DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION is a foreign corporation organized and existing under the laws of the State of New York, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

7.      Defendant, THOMPSON-HAYWARD CHEMICAL COMPANY, is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

PAGE 3

PLAINTIFFS' ORIGINAL PETITION

8.    Defendant, ELEMENTIS CHEMICALS, INC., Individually and f/k/a and/or as successor to THOMPSON HAYWARD CHEMICAL COMPANY and/or HARCROS CHEMICALS, INC., is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

9.    Defendant, HARCROS CHEMICALS, INC. Individually and f/k/a and/or as successor to THOMPSON HAYWARD CHEMICAL COMPANY is a foreign corporation organized and existing under the laws of the State of Kansas, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

10.    Defendant, T.H. AGRICULTURE AND NUTRITION, L.L.C., Individually and f/k/a and/or as successor to T.H. AGRICULTURE AND NUTRITION COMPANY, INC. and/or T.H. AGRICULTURE AND NUTRITION CO., INC. is a foreign limited liability company organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving Corporation Service Company d/b/a C, 800 Brazos Street, Suite 750, Austin, Texas 78701-2554.

11.    Defendant, MAXUS ENERGY CORPORATION, Individually and f/k/a and/or as successor to DIAMOND SHAMROCK CORPORATION and/or ULTRAMAR DIAMOND SHAMROCK CORPORATION and/or DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

PLAINTIFFS' ORIGINAL PETITION                                                                    PAGE 4

12.    Defendant, EL PASO GAS TRANSMISSION COMPANY f/k/a and/or as successor to DIAMOND SHAMROCK CORPORATION and/or ULTRAMAR DIAMOND SHAMROCK CORPORATION and/or DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

13.    Defendant, VALERO ENERGY CORPORATION f/k/a and/or as successor to DIAMOND SHAMROCK CORPORATION and/or ULTRAMAR DIAMOND SHAMROCK CORPORATION and/or DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to transact business in the State of Texas and may be served with process by serving C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

14.    Defendant, UNIROYAL CHEMICAL COMPANY, INC. f/k/a and/or successor to UNIROYAL, INC. and/or U.S. RUBBER COMPANY is a foreign corporation organized and existing under the laws of the State of New Jersey, and is authorized to transact business in the State of Texas and may be served with process by serving Prentice Hall Corporation Co., 800 Brazos, Austin, Texas 78701.

PLAINTIFFS' ORIGINAL PETITION

## III.

## JURISDICTION AND VENUE

15.    Jurisdiction is proper in this Court because the amount in controversy in this case exceeds the jurisdictional requirements of the State District Courts in Texas.

16.    Venue is proper in McLennan County, Texas, pursuant to §15.002(a)(1), Tex. Civ. Prac. & Rem. Code, because a substantial part of the events or omissions giving rise to the claims asserted herein, occurred in McLennan County, Texas. Venue is also proper under §15.002(a)(4) and §15.005, Tex. Civ. Prac. & Rem. Code.

## IV.

## FACTS

17.    The Plaintiff, Sherman Clinton Stearns, was a combat soldier during the war in the Republic of Vietnam in the years 1968 and 1969 and suffered a severe injury from a hand grenade. Based on his personal knowledge, he was exposed to herbicides, including Agent Orange while serving his country. In addition, United States Government policy assumes that all Vietnam veterans were exposed to herbicides including Agent Orange. See *38 C.F.R. § 3.309(e)*.

18.    The herbicides, including Agent Orange, to which Sherman Clinton Stearns was exposed, contained a chemical known as 2-4-5-T, which was contaminated with 2,3,7,8-Tetrachlorobdibenzo-p-dioxin (Dioxin). The various herbicides, including Agent Orange, were designed, manufactured or sold by the Defendants.

19.    As a direct and proximate result of his exposure to herbicides, including Agent Orange, while serving his country in the Republic of Vietnam, Sherman Clinton Stearns developed cancer of the lungs and rectum.

PAGE 6

PLAINTIFFS' ORIGINAL PETITION

20.    Lung cancer has long been recognized as a disease caused by exposure to herbicides, including Agent Orange, used in the Republic of Vietnam during the time Sherman Clinton Stearns was a combat soldier in the Republic of Vietnam. More recently, rectal cancer has been connected to the same exposure.

21.    While in the Republic of Vietnam and in the United States Sherman Clinton Stearns was affirmatively told the herbicides, including Agent Orange, to which he was exposed, were safe and posed no health risk to him or others.

22.    Sherman Clinton Stearns never received warnings about the toxicity of the herbicides, including Agent Orange, to which he was exposed nor was he given information about avoiding them or how to protect himself from them or after having been exposed to them, how to decontaminate himself.

23.    In August of 2001 Sherman Clinton Stearns was operated on to remove a growth in his rectum. The growth was diagnosed as adenocarcinoma of the rectum that had not spread to other parts of his body. In October, 2001, a CT scan revealed a 3mm nodule in one lung but was not told of this finding. A year later, in October of 2002, he was diagnosed with bilateral lung cancer and for the first time was told he had lung cancer.

24.    Sherman Clinton Stearns is presently receiving therapy for this cancer but his prognosis is dismal, at best.

25.    During the relevant time period, each of the Defendants engaged in the design, manufacture, labeling, marketing, and sale of various herbicide products, including Agent Orange. During the Vietnam era, each Defendant, or their predecessors, designed, manufactured, labeled, marketed and/or sold various herbicides, including Agent Orange, to the United States Government for use in the Vietnam war. Each Defendant and/or its' predecessors through its'

PLAINTIFFS' ORIGINAL PETITION

employees and agents, represented to the United States Government, that these products were completely and entirely safe for human use and exposure. Based upon those representations, the United States Government purchased these dangerous products from Defendants and allowed them to be used by military and other forces in the Republic of Vietnam.

26.     The herbicides, and in particular Agent Orange, contained highly toxic chemicals and at all times relevant to the Plaintiffs' claims, the Defendants knew that their products were highly toxic and that human use and exposure would pose serious adverse health risks and a serious threat to human life.

27.     Defendants were aware, at all times material to the claims asserted herein, that the herbicides, including Agent Orange, sold to the United States Government, for use by military and other personnel in the Republic of Vietnam during 1968 and 1969, were highly toxic and that human use and exposure would pose serious adverse health risks and serious threat to human life to combat soldiers, such Sherman Clinton Stearns, who were exposed to those herbicides, including Agent Orange.

28.     While in the Republic of Vietnam, during his tour of duty as a U.S. Army officer, from late 1968 until late 1969 when he was severely injured by a hand grenade, Sherman Clinton Stearns was exposed to certain poisonous chemicals contained in the various herbicides, including Agent Orange, which were produced, manufactured, labeled, marketed, distributed and/or sold by the Defendants to the United States Government for use by military and other personnel in the Republic of Vietnam.

29.     The aforesaid various herbicides were poisonous to human health, and at all times during which the Defendants designed, manufactured, labeled, marketed, distributed and sold said herbicides, each Defendant knew of the poisonous nature to human health of said herbicides.

PAGE 8

PLAINTIFFS' ORIGINAL PETITION

30.     The Defendants never warned Sherman Clinton Stearns of the poisonous nature of the herbicides, which they designed, manufactured, labeled, marketed, and/or sold to his employer.

31.     As a result of the above-mentioned exposure, the Plaintiffs have suffered and will suffer in the future, severe and serious injuries and damages.

## V.

## CAUSES OF ACTION

## COUNT I: NEGLIGENCE

32.     The Plaintiffs hereby incorporate paragraphs 1 through 31 of this petition as if specifically set forth herein.

33.     The Defendants jointly and separately owed the Plaintiffs a duty of care. Defendants had a duty to exercise reasonable care in the design, manufacture, labeling, marketing, sale and/or distribution of herbicides, including Agent Orange, for use in the Republic of Vietnam, including a duty to assure that the product did not cause users and those exposed to those products, to suffer from unreasonably dangerous side effects. Defendants failed to exercise ordinary care in the design, manufacture, labeling, sale, testing, quality assurance, quality control, and/or distribution of the various herbicides, including Agent Orange, into interstate commerce and to the United States Government in that Defendants knew or should have known that the products created a high risk of unreasonably dangerous side effects, some of which, such as cancer can be and have been fatal.

34.     Defendants breached the duty owed to Sherman Clinton Stearns and were negligent in the design, manufacture, testing, advertising, warning, marketing, distribution and

sale of herbicides, including Agent Orange, for use by the United States Government military forces and other personnel in the Republic of Vietnam in that:

    a.    The Defendants designed, manufactured and sold poisonous herbicides, including Agent Orange, to be used, or they reasonably should have known that they would be used by United States Government military forces and other personnel and United States Government military forces and other personnel would be exposed to such poisonous herbicides, including Agent Orange, and they failed to warn any persons whatsoever of the poisonous nature of the herbicides;

    b.    The Defendants failed to warn of the hazards, risks, and dangers of the use by humans of and of human exposure to such herbicides, including Agent Orange;

    c.    The Defendants failed to use due care in designing and manufacturing herbicides, including Agent Orange, so as to avoid the aforementioned risks to individuals when those herbicides, including Agent Orange, were used in the Republic of Vietnam;

    d.    The Defendants failed to accompany their products with proper warnings regarding all possible adverse effects associated with the use of the herbicides, including Agent Orange, and the comparative severity and duration of such adverse effects;

    e.    Any warnings given did not accurately reflect all possible adverse side effects associated with the use of those herbicides, including Agent Orange;

    f.    The Defendants failed to conduct adequate pre-sale testing and post-marketing surveillance to determine the safety of those herbicides, including Agent Orange, and failed to properly report the results of their trials and studies;

g.      The Defendants failed to timely apprise and inform the United States Government of information concerning adverse side effects experienced by those exposed to the herbicide, including Agent Orange;

h.      The Defendants continued to promote the safety and use of herbicides, including Agent Orange, despite knowledge of adverse events strongly associated with the use of the herbicides, including Agent Orange;

i.      The Defendants delayed warning of, and failed to provide adequate warning about, adverse symptoms, thereby depriving the United States Government and its military and other personnel of the ability to assess risks;

j.      The Defendants were otherwise careless or negligent;

k.      The Defendants failed to adequately and properly test and inspect their herbicides, including Agent Orange, so as to ascertain whether or not they were safe and proper for the purpose for which they were designed, manufactured, and sold;

l.      The Defendants failed to utilize and/or implement a reasonably safe design in the manufacture of their herbicides, including Agent Orange;

m.      The Defendants failed to manufacture their herbicides, including Agent Orange, in a reasonably safe condition for which it was intended;

n.      The Defendants failed to adequately and properly warn persons such as Sherman Clinton Stearns, before use of their herbicides, including Agent Orange, of the risk of complications and fatal disease when used in the manner for which it was intended;

o.     The Defendants failed to adequately and properly "warn" Sherman Clinton Stearns before each use of their herbicides, including Agent Orange, of the risk of disease when used in the manner for which it was intended;

p.     The Defendants failed to adequately and properly label their herbicides, including Agent Orange, so as to "warn" Sherman Clinton Stearns of the risk of complications, including but not limited to cancer and death;

q.     The Defendants manufactured herbicide, including Agent Orange, which constituted a hazard to health;

r.     The Defendants manufactured herbicide, including Agent Orange, which caused adverse side effects; and

s.     The Defendants misrepresented to the United States Government the safety of their herbicides, including Agent Orange.

35.     Despite the fact Defendants knew or should have known that the herbicides, including Agent Orange, caused unreasonably dangerous side effects which could not be remedied by any means, Defendants continued to market their herbicides, including Agent Orange, to the United States Government.

36.     Defendants knew or should have known, and it was foreseeable that United States military personnel, such as Sherman Clinton Stearns, would suffer injury as a result of Defendants failure to exercise ordinary care as described above.

37.     Defendants owed a duty to Sherman Clinton Stearns to use reasonable care in the design, manufacture, testing, labeling, packaging, supplying, marketing, selling, advertising, warning and/or otherwise distributing herbicides, including Agent Orange, to the U.S. Government.

PLAINTIFFS' ORIGINAL PETITION                                                              PAGE 12

38.   As a direct and proximate result of the Defendants' manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, warning and/or otherwise distributing herbicides, including Agent Orange, to the United States Government for use by military forces and other personnel in the Republic of Vietnam, Sherman Clinton Stearns suffered severe physical injury and is entitled to special and compensatory damages, jointly and severally against the Defendants.

39.   As a direct and proximate result of the defective condition of Defendants' herbicides, including Agent Orange, as designed, manufactured, labeled, marketed, distributed, promoted, delivered, sold and/or supplied by Defendants, and of the negligence, carelessness, or other wrong doing of Defendants described herein, the Plaintiffs, Sherman Clinton Stearns and Dortha Monyene Stearns, have suffered and will suffer in the future, severe injuries and damages as more specifically set forth below.

## COUNT II:  STRICT PRODUCTS LIABILITY - FAILURE TO WARN

40.   The Plaintiffs hereby incorporate paragraphs 1 through 39 of this petition as if specifically set forth herein.

41.   Defendants were manufacturers, suppliers, and/or distributors of various herbicides, including Agent Orange, which were sold to the United States Government and intended for use by the United States Government military and other personnel in the Republic of Vietnam.

42.   The herbicides, including Agent Orange, manufactured, supplied, and/or distributed by the Defendants were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of and exposure to those herbicides, including Agent Orange, and the severity and duration of adverse effects, including death.

PLAINTIFFS' ORIGINAL PETITION

43.     The warnings and information given did not accurately reflect the symptoms, scope or severity of potential side effects, including cancer and death.

44.     Defendants failed to perform adequate testing in the adequate testing would have shown that the herbicides, including Agent Orange, possess serious side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made.

45.     The herbicides, including Agent Orange, manufactured and/or supplied by Defendants were defective due to inadequate post-marketing warnings or instructions because, after Defendants knew or should have known of the risk of injury and death from those herbicides, including Agent Orange, Defendants failed to provide adequate warnings to the United States Government and to those who were to use and be exposed to those herbicides, including Agent Orange, and despite their inadequate post-marketing warnings and instructions, Defendants continued to aggressively promote the herbicides, including Agent Orange.

46.     The Defendants were engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, warning, and/or distributing herbicides, including Agent Orange, which they sold and distributed to the United States Government knowing they would be used by the United States Government military personnel and other personnel in the Republic of Vietnam.

47.     Sherman Clinton Stearns was exposed to Defendants' herbicides, including Agent Orange, while such herbicides, including Agent Orange, were being used in a manner for which they intended and/or in a reasonably foreseeable manner.

48.     Defendants' herbicides, including Agent Orange, were expected to and did reach the United States Government and were used by United States Government personnel and other

personnel in the Republic of Vietnam, and Sherman Clinton Stearns was exposed to those herbicides, including Agent Orange, without substantial change in their condition as manufactured, created, designed, tested, labeled, packaged, supplied, marketed, sold, advertised, warned and/or otherwise distributed.

49. Sherman Clinton Stearns was not aware of, and reasonably could not have discovered, the dangerous nature of those herbicides, including Agent Orange.

50. The Defendants' herbicides, including Agent Orange, increased the risk of various diseases, including but not limited to cancer, and, therefore, constituted products unreasonably dangerous for normal use due to their defective design, defective manufacturing, and the Defendants' misrepresentation and inadequate disclosures to the United States Government and the military personnel and other personnel, in the Republic of Vietnam, who used were exposed to such herbicides, including Agent Orange.

51. As a direct and proximate result of the Defendants' actions, joint and severally, the Plaintiffs, Sherman Clinton Stearns and Dortha Monyene Stearns, have suffered and will suffer in the future, severe injuries and damages as more fully set forth below.

52. The Defendants, therefore, are strictly liable to the Plaintiffs, Sherman Clinton Stearns and wife, Dortha Monyene Stearns.

## COUNT III: STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN

53. The Plaintiffs hereby incorporate paragraphs 1 through 52 of this petition as if specifically set forth herein.

54. Defendants were manufacturers, suppliers and/or distributors of various herbicides, including Agent Orange.

55.     The herbicides, including Agent Orange, manufactured, supplied, and/or distributed by Defendants was defective in design or formulation in that, when it left the hands of the manufacturers, suppliers and/or distributors, the foreseeable risks exceeded the benefits associated with the design or formulation.

56.     Alternatively, the herbicides, including Agent Orange, manufactured, supplied, and/or distributed by Defendants to the United States Government for use in the Republic of Vietnam were defective in design or formulation, in that, when they left the hands of the manufacturers, suppliers and/or distributors they were unreasonably dangerous, more dangerous than an ordinary user and those who could be expected to be exposed to them, would expect,

57.     The herbicides, including Agent Orange, manufactured, supplied and/or distributed by Defendants were defective due to the inadequate warnings and/or inadequate trials, testing, and study, and inadequate reporting regarding the results of same.

58.     The herbicides, including Agent Orange, manufactured, supplied and/or distributed by Defendants were defective due to the inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of injury from use of and/or exposure to those herbicides, including Agent Orange, Defendants failed to provide adequate warnings and continued to promote the product as safe and effective.

59.     The Defendants were engaged in the business of manufacturing, creating, designing, testing, labeling, packaging, supplying, marketing, selling, advertising, warning and/or distributing herbicides, including Agent Orange, to the United States Government for use by its military and other personnel in the Republic of Vietnam.

60.     Plaintiff Sherman Clinton Stearns was exposed to Defendants' herbicides, including Agent Orange, while in the Republic of Vietnam, while such herbicides, including

PLAINTIFFS' ORIGINAL PETITION

Agent Orange, were being used in a manner for which they were intended and/or in a reasonably foreseeable manner.

61.    Defendants' herbicides, including Agent Orange, were expected to and did reach the United States Government and were used by the United States Government's military forces and other personnel in the Republic of Vietnam without substantial change in their condition as manufactured, created, designed, tested, labeled, packaged, supplied, marketed, sold, advertised, warned and/or otherwise distributed.

62.    Plaintiff Sherman Clinton Stearns was not aware of, and reasonably could not have discovered, the dangerous nature of those herbicides, including Agent Orange.

63.    The Defendants' herbicides, including Agent Orange, increased the risk of cancer upon exposure, and therefore constituted products unreasonably dangerous for normal use due to their defective design, defective manufacture, and Defendants' misrepresentation and inadequate fact disclosures to the United States Government, its military forces and other personnel, and to Sherman Clinton Stearns.

64.    As a direct and proximate result of the Defendants' actions, jointly and severally, the Plaintiffs, Sherman Clinton Stearns and Dortha Monyene Stearns, have suffered and will suffer in the future, severe injuries and damages as more specifically set forth below.

65.    The Defendants, therefore, are strictly liable to the Plaintiffs, Sherman Clinton Stearns and wife, Dortha Monyene Stearns.

## COUNT IV: BREACH OF EXPRESS WARRANTY

66.    The Plaintiffs hereby incorporate paragraphs 1 through 65 of this petition as if specifically set forth herein.

PLAINTIFFS' ORIGINAL PETITION

67.    Defendants expressly warranted that their herbicides, including Agent Orange, were safe and posed no threat to persons situated such as Sherman Clinton Stearns.

68.    Defendants' herbicides, including Agent Orange, did not conform to these express representations because those herbicides, including Agent Orange, were not safe and have high levels of serious side effects, including life-threatening side effects, such as cancer.

69.    As a direct and proximate result of the Defendants' actions, jointly and severally, the Plaintiffs, Sherman Clinton Stearns and Dortha Monyene Stearns have suffered and will suffer in the future, severe injuries and damages as more specifically set forth below.

## COUNT V: BREACH OF IMPLIED WARRANTY

70.    The Plaintiffs hereby incorporate paragraphs 1 through 69 of this petition as if specifically set forth herein.

71.    At the time Defendants marketed, sold, and distributed their herbicides, including Agent Orange, for use by the United States Government, and its' military forces and other personnel in the Republic of Vietnam, such as Plaintiff, Sherman Clinton Stearns, Defendants knew of the use for which these herbicides, including Agent Orange, were intended and impliedly warranted that the herbicides, including Agent Orange, would be of merchantable quality and safe and fit for the intended use.

72.    The United States Government, and its' military forces and other personnel in the Republic of Vietnam, such as Sherman Clinton Stearns, reasonably relied upon the skill and judgment of Defendants as to whether their herbicides, including Agent Orange, were of merchantable quality and safe and fit for their intended use.

73.    Contrary to such implied warranty, those herbicides, including Agent Orange, were not of merchantable quality or safe or fit for their intended use, because, the products were

PAGE 18

PLAINTIFFS' ORIGINAL PETITION

and are unreasonably dangerous and unfit for the ordinary purposes for which they were used as described above.

74.    As a direct and proximate result of the Defendants' actions, jointly and severally, the Plaintiffs, Sherman Clinton Stearns and wife, Dortha Monyene Stearns, have suffered and will suffer in the future, severe injuries and damages as more specifically set forth below.

## COUNT VI: BATTERY

75.  The Plaintiffs hereby incorporate paragraphs 1 through 74 of this petition as if specifically set forth herein.

76.    The Defendants either intended that persons, including Sherman Clinton Stearns, would be harmed as a result of their manufacture, sale and distribution of the poisonous herbicides, including Agent Orange, or they jointly or severally, knew that such harm was substantially certain to occur.

77.    As a direct and proximate result of the Defendants' actions, jointly and severally, the Plaintiffs, Sherman Clinton Stearns and wife, Dortha Monyene Stearns, have suffered and will suffer in the future, severe injuries and damages as more specifically set forth below.

## VI.

## DAMAGES

A.    Actual Damages To Plaintiff Sherman Clinton Stearns

78.    Plaintiff Sherman Clinton Stearns would show that the acts, omissions and/or breaches of duty by the Defendants as set forth above were a direct and proximate cause of injury and damages to him, and in reasonable probability will continue to be a proximate cause of future injury and damage to him.  As a result of the conduct of the Defendants, Sherman Clinton Stearns is entitled to recover the following items of damage, which are in excess of the

PLAINTIFFS' ORIGINAL PETITION _____ PAGE 12

minimum jurisdictional requirements of this Court, and such injuries and damages as Sherman Clinton Stearns has sustained or in reasonable probability will sustain in the future are as follows:

    a.    Physical pain and suffering in the past and future;

    b.    Mental pain and anguish in the past and future;

    c.    Disfigurement in the past and future;

    d.    Physical impairment in the past and future;

    e.    Loss of income in the past;

    f.    Loss of earning capacity in the future; and

    g.    Medical expenses in the past and future.

**B.    Actual Damages To Plaintiff Dortha Monyene Stearns**

79.    Plaintiff Dortha Monyene Stearns would show that the acts, omissions and/or breaches of duty by the Defendants as set forth above were a direct and proximate cause of injury and damages to her, and in reasonable probability will continue to be a proximate cause of future injury and damage to her. As a result of the conduct of the Defendants, Dortha Monyene Stearns is entitled to recover the following items of damage, which are in excess of the minimum jurisdictional requirements of this Court, and such injuries and damages as Dortha Monyene Stearns has sustained or in reasonable probability will sustain in the future are as follows:

    a.    Mental pain and anguish in the past and future;

    b.    Loss of consortium; and

    c.    Loss of services.

## VII.

## CONDITIONS PRECEDENT

80.    All conditions precedent to the right of Plaintiffs to bring and maintain this lawsuit have been performed or have occurred.

## VIII.

## JURY DEMAND

81.    Plaintiffs demand that this case be tried to a jury.

## IX.

## REQUEST FOR DISCLOSURE

82.    Pursuant to Rule 194, Tex. R. Civ. P., each Defendant is requested to, individually and separately, disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2 Tex. R. Civ. P.

## X.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs request that Defendants be cited to appear and answer herein and that upon final trial of this case, this Court enter judgment against Defendants, jointly and severally, awarding Plaintiffs the following:

a.    Actual damages in excess of the minimum jurisdictional requirements of this court;

b.    Pre-judgment interest;

c.    Cost of suit;

d.    Post-judgment interest; and

e.    Such other and further relief to which Plaintiffs may be justly entitled at law or in equity.

PAGE 21

PLAINTIFFS' ORIGINAL PETITION

RESPECTFULLY SUBMITTED,

SHERMAN CLINTON STEARNS AND
DORTHA MONYENE STEARNS, PLAINTIFFS

BY: _____

DAVID E. CHERRY
SBOT: 04176000
CAMPBELL~CHERRY~HARRISON~DAVIS~DOVE
P. O. Drawer 21387
Waco, Texas   76702-1387
5 Ritchie Road
Waco, TX  76712
T:  (254) 761-3300
F:  (254) 761-3301

ALAN S. LEVIN
SBOT:  24003244
P.O. Box 4703
Incline Village, NV 89450
T:  (775) 831-5603
F:  (775) 831-9478

PLAINTIFFS' ORIGINAL PETITION

# CAMPBELL~CHERRY~HARRISON~DAVIS~DOVE

A PROFESSIONAL CORPORATION

## ATTORNEYS AT LAW

**DAVID E. CHERRY**
Board Certified-Civil Trial Law
Texas Board of Legal Specialization
cherry@TheTrialLawyers.com

5 Ritchie Road
Waco, Texas 76712
P. O. Drawer 21387
Waco, Texas 76702-1387
(254) 761-3300
Fax (254) 761-3301

August 6, 2003

McLennan County District Clerk
McLennan County Courthouse
Waco, Texas 76701

> Re: Cause No. 2003-2357-4; *Sherman C. Stearns, et al v. The Dow Chemical Company, et al;* In the 170th District Court of McLennan County, Texas

Dear District Clerk:

Please issue citations for each of the following twelve (12) Defendants:

Although I do not wish to be burdensome on the Court, according to my interpretation of Texas law, the following information must be included in the citation for service to be proper:

1. the identify of the statue authorizing service;
2. the defendant's name;
3. the defendant's address for service; and
4. the proper identification of the address.

In an effort to simplify this process, below is the necessary information for issuance of the twelve (12) citations:

1.
   1. Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
   2. THE DOW CHEMICAL COMPANY
   3. C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
   4. Registered agent address.

2.
   1. Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
   2. THE MONSANTO COMPANY
   3. C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
   4. Registered agent address.

3.
   1. Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
   2. HERCULES, INCORPORATED
   3. C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
   4. Registered agent address.

McLennan County District Clerk
August 6, 2003
Page 2 of 3

4.   1.   Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
       2.   OCCIDENTAL CHEMICAL CORPORATION, Individually and f/k/a and/or as successor to DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION
       3.   C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
       4.   Registered agent address.

5.   1.   Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
       2.   THOMPSON-HAYWARD CHEMICAL COMPANY
       3.   C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
       4.   Registered agent address.

6.   1.   Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
       2.   ELEMENTIS CHEMICALS, INC. Individually and f/k/a and/or as successor to THOMPSON HAYWARD CHEMICAL COMPANY and/or HARCROS CHEMICALS, INC.
       3.   C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
       4.   Registered agent address.

7.   1.   Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
       2.   HARCROS CHEMICALS, INC. Individually and f/k/a and/or as successor to THOMPSON HAYWARD CHEMICAL COMPANY
       3.   C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
       4.   Registered agent address.

8.   1.   Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
       2.   T.H. AGRICULTURE AND NUTRITION, L.L.C., Individually and f/k/a and/or as successor to T.H. AGRICULTURE AND NUTRITION COMPANY, INC. and/or T.H. AGRICULTURE AND NUTRITION CO., INC.
       3.   Corporation Service Company d/b/a CSC, 800 Brazos Street, Suite 750, Austin, Texas 78701-2554
       4.   Registered agent address.

9.   1.   Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
       2.   MAXUS ENERGY CORPORATION, Individually and f/k/a and/or as successor to DIAMOND SHAMROCK CORPORATION and/or ULTRAMAR DIAMOND SHAMROCK CORPORATION and/or DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION
       3.   C.T. Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201
       4.   Registered agent address.

McLennan County District Clerk
August 6, 2003
Page 3 of 3

10.  1.  Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
     2.  EL PASO GAS TRANSMISSION COMPANY f/k/a and/or as successor to DIAMOND SHAMROCK CORPORATION and/or ULTRAMAR DIAMOND SHAMROCK CORPORATION and/or DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION
     3.  C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002
     4.  Registered agent address.

11.  1.  Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
     2.  VALERO ENERGY CORPORATION f/k/a and/or as successor to DIAMOND SHAMROCK CORPORATION and/or ULTRAMAR DIAMOND SHAMROCK CORPORATION and/or DIAMOND SHAMROCK CHEMICALS COMPANY and/or DIAMOND ALKALI COMPANY and/or OCCIDENTAL ELECTROCHEMICALS CORPORATION
     3.  C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002
     4.  Registered agent address.

12.  1.  Tex. Civ. Prac. Rem. Code §17.044(a)(1) and § 17.045(a).
     2.  UNIROYAL CHEMICAL COMPANY, INC. f/k/a and/or successor to UNIROYAL, INC. and/or U.S. RUBBER COMPANY
     3.  Prentice Hall Corporation Co., 800 Brazos, Austin, Texas 78701
     4.  Registered agent address.

Enclosed is our law firm check in the amount of $96.00 representing payment for the issuance of the citations.

Thank you for our attention to my request.

Sincerely yours,

David E. Cherry

DEC/br

J34118 81

*PAPER #0010*

**CITATION**

ICC7/90.51

$50.00

## THE STATE OF TEXAS

DIRECTED TO: El Paso Gas Transmission Company f/k/a and/or as successor to Diamond Shamrock Corporation and/or Ultramar Diamond Shamrock Corporation and/or Diamond Shamrock Chemicals Company and/or Diamond Alkali Company and/or Occidental Electrochemicals Corporation, is a foreign corporation

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING 20 DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING Plaintiffs' Original Petition FILED ON THE 30th DAY OF June, 2003, IN THE 170th JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK.

CAUSE NO. 2003-2387-4
PARTIES TO THIS ACTION ARE:

Sherman Clinton Stearns and wife, Dortha Monyene Stearns                    Plaintiff

VS.

The Dow Chemical Company, is a foreign corporation;
Monsanto Company, is a foreign corporation;
Hercules, Incorporated, is a foreign corporation;
Occidental Chemical Corporation, Individually and f/k/a and/or as successor to Diamond Shamrock Chemicals Company and/or Diamond Alkali Company and/or Occidental Electrochemicals Corporation, is a foreign corporation;
Thompson-Hayward Chemical Company, is a foreign corporation;
Elementis Chemicals, Inc., Individually and f/k/a and/or as successor to Thompson Hayward Chemical Company and/or Harcros Chemicals, Inc., is a foreign corporation;

IC -10 32892-2 (8-14-03)

RECEIVED JACK F. ABERCIA
CONSTABLE PCT 1
HARRIS COUNTY, TEXAS
03 AUG 18 AM 10: 33

### CONSTABLE'S RETURN

Received this writ on the ___18___ day of ___August___, 2003, at ___1033___ o'clock ___A___ M., and executed the same in Harris County, Texas, on the ___19___ day of ___August___ 2003 at ___830___ o'clock ___A___ M., by summoning the El Paso Gas Transmission Co Successor to Diamond Shamrock Corporation and/or Ultramar Diamond Shamrock Corporation and/or Diamond Shamrock Chemicals Company and/or Diamond Alkali Corporation and/or Occidental Electrochemicals Corporation by delivering to its registered agent C T Corporation System and leaving with Lynne Ede of the said ___corporation___ a true copy of this writ, together with accompanying certified copy plaintiff's original petition. o+

FEES - Serving ___ copy Y ___ $ 50.00

1021 MAIN #1150
HOUSTON, TEXAS

JACK F. ABERCIA
Constable, Precinct No. 1, Harris County, Texas

By ___ ICC7 ___ Deputy

JOE JOHNSON
DISTRICT CLERK
MCLENNAN CO. TEXAS
DEPUTY

FILED
2003 AUG 25 AM 8: 53

## NOTICE

**You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and Plaintiffs' Original Petition, a default judgment may be taken against you.**

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS 7th DAY OF August, 2003.

David E. Cherry
5 Ritchie Rd.
Waco, TX  76702
Attorney for Plaintiffs

Joe Johnson, District Clerk
P.O. Box 2451
Waco, McLennan County, Texas 76703
By _Crystal Richardson_ Deputy
Crystal Richardson

OFFICER'S RETURN

Come to hand on the _____ day of _____, 2003 at _____ o'clock _____M. and executed on the _____ day of _____, 2003 by delivering to the defendant, to-wit: _____ at _____ o'clock ___M _____, 2003; each, in person, a true copy of this citation with a true and correct copy of the Plaintiffs' Original Petition attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES:  Serving one (1) copy

NO SHERIFF OR CONSTABLE
FEES COLLECTED

Total $_____

_____

_____County, Texas

By_____

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _____ day of _____, 2003.

_____
Notary Public for the State of Texas



# CAMPBELL~CHERRY~HARRISON~DAVIS~DOVE

### A PROFESSIONAL CORPORATION

## ATTORNEYS AT LAW

**DAVID E. CHERRY**
Board Certified-Civil Trial Law
Texas Board of Legal Specialization
cherry@TheTrialLawyers.com

5 Ritchie Road
Waco, Texas 76712
P. O. Drawer 21387
Waco, Texas 76702-1387
(254) 761-3300
Fax (254) 761-3301

August 8, 2003

Constable Jack F. Abercia
Precinct 1
1302 Preston, 3rd Floor
Houston, TX  77002

*Certified Mail No. 7000 1530 0005 1069 9444*
*Return Receipt Requested*

Re: Cause No. 2003-2357-4; *Sherman Clinton Stearns, et al v. The Dow Chemical Co., et al*; In the 170th District Court of McLennan County, Texas

Dear Constable Abercia:

Enclosed for service are two (2) citations to be served on the following entities:

1. El Paso Gas Transmission Company
   c/o C.T. Corporation System
   1021 Main Street, Suite 1150
   Houston, TX  77002

2. Valero Energy Corporation
   c/o C.T. Corporation System
   1021 Main Street, Suite 1150
   Houston, TX  77002.

Also enclosed is our law firm check in the amount of $100.00, which represents the fee for service and returning the certificates of service.

Please forward the proof of service to me at the above address.

Thank you for your assistance.  Please call if you have any questions.

Sincerely yours,

Barbara Rainer
Legal Assistant to David E. Cherry

Case 1:03-cv-05985-JBW    Document 4    Filed 10/06/04    Page 41 of 46 PageID #: 53



JACK F. ABERCIA, CONSTABLE
PRECINCT NUMBER ONE
HARRIS COUNTY, TEXAS
P.O. BOX 52578
HOUSTON, TEXAS 77052-2578

JOE JOHNSON, DISTRICT CLERK
P.O. BOX 2451
WACO, TEXAS 76703

J3411878    1C

**CITATION**

1C67 / 90.51

PAPER #0011

#50.00

# THE STATE OF TEXAS

**DIRECTED TO:** Valero Energy Corporation f/k/a and/or as successor to Diamond Shamrock Corporation and/or Ultramar Diamond Shamrock Corporation and/or Diamond Shamrock Chemicals Company and/or Diamond Alkali Company and/or Occidental Electrochemicals Corporation, is a foreign corporation

YOU ARE COMMANDED TO FILE A WRITTEN ANSWER, ON OR BEFORE 10:00 A.M. ON THE MONDAY NEXT FOLLOWING 20 DAYS AFTER THE DATE OF SERVICE TO THE ACCOMPANYING Plaintiffs' Original Petition FILED ON THE 30th DAY OF June, 2003, IN THE 170th JUDICIAL DISTRICT COURT OF MCLENNAN COUNTY, TEXAS WITH THE UNDERSIGNED CLERK.

CAUSE NO. 2003-2357-4
PARTIES TO THIS ACTION ARE:

Sherman Clinton Stearns and wife, Dortha Monyene Stearns                                    Plaintiffs

VS.

The Dow Chemical Company, is a foreign corporation;
Monsanto Company, is a foreign corporation;
Hercules, Incorporated, is a foreign corporation;
Occidental Chemical Corporation, Individually and f/k/a and/or as successor to Diamond Shamrock Chemicals Company and/or Diamond Alkali Company and/or Occidental Electrochemicals Corporation, is a foreign corporation;
Thompson-Hayward Chemical Company, is a foreign corporation;
Elementis Chemicals, Inc., Individually and f/k/a and/or as successor to Thompson Hayward Chemical Company and/or Harcros Chemicals, Inc., is a foreign corporation;

RECEIVED JACK F. ABERCIA AUG 18 AM 10:33 CONSTABLE PCT 1 HARRIS COUNTY, TEXAS

1C-1032892-1 (8-14-03)

## CONSTABLE'S RETURN

Received this writ on the _18_ day of _August_, 2003, at _1033_ o'clock _A_ M., and executed the same in Harris County, Texas, on the _19_ day of _August_ 2003, _830_ o'clock _A_ M., by summoning the Successors to Diamond Shamrock Corporation and/or f/k/a and/or as and/or Ultramar Diamond Shamrock Corporation and/or Diamond Shamrock Corporation and/or Diamond Alkali _____ a foreign corporation, by delivering to its registered agent C T CORPORATION SYSTEM and leaving with Lynne Kerr _____ person, of the said _____ corporation a true copy of this writ, together with accompanying certified copy plaintiff's original petition. o.t.

FEES - Serving _____ 1 copy Y _____ $50.00

JOE JOHNSON
DISTRICT CLERK
MCLENNAN CO. TEXAS
DEPUTY

FILED
2003 AUG 25 AM 8:53

1021 MAIN #1150
HOUSTON, TEXAS

JACK F. ABERCIA
Constable, Precinct No. 1, Harris County, Texas

by _____ 1C67 _____ Deputy

## NOTICE

*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and Plaintiffs' Original Petition, a default judgment may be taken against you.*

ISSUED UNDER MY HAND AND SEAL OF COURT, THIS 7th DAY OF August, 2003.

| | |
|---|---|
| David R. Cherry | Joe Johnson, District Clerk |
| 5 Ritchie Rd. | P.O. Box 2451 |
| Waco, TX  76702 | Waco, McLennan County, Texas 76703 |
| Attorney for Plaintiffs | By _Crystal Richardson_ Deputy |
| | Crystal Richardson |

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 2003 at _____ o'clock ____M. and executed on the _____ day of _____, 2003 by delivering to the defendant, to-wit:

_____

at _____ o'clock __M _____, 2003; each, in person, a true copy of this citation with a true and correct copy of the Plaintiffs' Original Petition attached thereto having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy

**NO SHERIFF OR CONSTABLE FEES COLLECTED**

Total $_____

_____

_____County, Texas

By_____

VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER) SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on this the _____ day of _____, 2003.

_____
Notary Public for the State of Texas



# CAMPBELL~CHERRY~HARRISON~DAVIS~DOVE

A PROFESSIONAL CORPORATION

## ATTORNEYS AT LAW

**DAVID E. CHERRY**
Board Certified-Civil Trial Law
Texas Board of Legal Specialization
cherry@TheTrialLawyers.com

5 Ritchie Road
Waco, Texas 76712
P. O. Drawer 21387
Waco, Texas 76702-1387
(254) 761-3300
Fax (254) 761-3301

August 8, 2003

Constable Jack F. Abercia
Precinct 1
1302 Preston, 3rd Floor
Houston, TX  77002

*Certified Mail No. 7000 1530 0005 1069 9444*
*Return Receipt Requested*

Re:    Cause No. 2003-2357-4; *Sherman Clinton Stearns, et al v. The Dow Chemical Co., et al*; In the 170th District Court of McLennan County, Texas

Dear Constable Abercia:

Enclosed for service are two (2) citations to be served on the following entities:

1.    El Paso Gas Transmission Company
      c/o C.T. Corporation System
      1021 Main Street, Suite 1150
      Houston, TX  77002

2.    Valero Energy Corporation
      c/o C.T. Corporation System
      1021 Main Street, Suite 1150
      Houston, TX  77002.

Also enclosed is our law firm check in the amount of $100.00, which represents the fee for service and returning the certificates of service.

Please forward the proof of service to me at the above address.

Thank you for your assistance.  Please call if you have any questions.

Sincerely yours,

Barbara Rainer
Legal Assistant to David E. Cherry

Case 1:03-cv-05905-JBW   Document 4   Filed 10/06/04   Page 45 of 46   PageID #: 57

PAYEE: DETACH THIS STATEMENT BEFORE DEPOSITING CHECK

| DATE | DESCRIPTION | | AMOUNT | DEDUCTIONS | NET AMOUNT |
|------|-------------|---|--------|------------|------------|
| 06/06/03 | serve 2 citations | STRASH.2 | 100.00 | MISC | |

FORM 105

County Auditor's Form #161E
Harris County, Texas  (REV. 06/99)



# HARRIS COUNTY, TEXAS

Jack Abercia
Constable, Precinct #1
301 San Jacinto, Suite 310
Houston, TX 77002
713-755-5200

## Official Receipt

| DATE | CAMPBELL, CHERRY, HARRISON, DAVIS & DOVE P.O. DRAWER 21387 WACO, TEXAS 76702-1387 | RECEIPT # |
|---|---|---|
| 09/14/03 | | G1932892 |
| | | AMOUNT |
| GC | | 100.00 |

| PAY TYPE | INVOICE # | DESCRIPTION | AMOUNT |
|---|---|---|---|
| CH | 200323574 | CITATION-CONSTABLE PCT 1 | 100.00 |
| | | SHERMAN STEARNS VS DOW CHEMICA  6073010022 4301 | |

| USER ID: PCOSSIN | BATCH ID: L301PCS4 |
|---|---|